# SZAFERMAN LAKIND

**Szaferman, Lakind, Blumstein & Blader, P.C.**
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Jeffrey P. Blumstein
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Bruce M. Sattin***
Robert P. Panzer
Benjamin T. Branche*
Robert G. Stevens Jr.**
Michael D. Brottman*

Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Nathan M. Edelstein**
Janine Danks Fox*
E. Elizabeth Sweetser
Keith L. Hovey***
Jeffrey M. Hall

Lindsey Moskowitz Medvin**
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Chimbangu
Brian A. Heyesey
Christopher S. Myles
Christopher S. Kwelty
Brandon C. Simmons*
Jason M. Sokel**

Counsel
Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars

January 31, 2018

**VIA HAND DELIVERY OR**
**CERTIFIED MAIL AND REGULAR MAIL**

RECEIVED
FEB 0 6 2018
Law Department

JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, NJ 08903

    Re:   RIPLEY, et al  v. JOHNSON & JOHNSON, et al.
          Docket No. MID-L-0562 -18AS

Dear Sir or Madam:

    Enclosed in service upon JOHNSON & JOHNSON please find a Summons, Complaint, Initial Fact Sheet and Interrogatories Related to Cross Claims, Apportionment and Claimed Exposures in this matter. Please acknowledge service of this Summons, Complaint, Initial Fact Sheet and Interrogatories Related to Cross Claims, Apportionment and Claimed Exposures on the attached Acknowledgment of Service Form and return it to me in the envelope provided for that purpose.

    Thank you.

                Very truly yours,

                SZAFERMAN, LAKIND,
                BLUMSTEIN, BLADER, P.C.

                Robert E. Lytle, Esq.

REL/gah
Enclosures
c:    Leah Kagan, Esq.

2591430.1

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400
By: Robert E. Lytle (NJ ID# 046331990)

SIMON GREENSTONE PANATIER BARTLETT P.C.
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
(214) 276-7680
By: Leah Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

| | |
|---|---|
| ANN RIPLEY and PHILIP RIPLEY,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-0562-18AS<br><br>**Civil Action – Asbestos Litigation**<br><br>**SUMMONS** |

From The State of New Jersey, to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A filing fee of $175.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: January___, 2018

_Michelle M. Smith_ ✪
Michelle M. Smith, Esq.
Clerk of the Superior Court

Name of Defendant to be Served:
Address of the Defendant to be Served:

JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, NJ 08903

# SZAFERMAN LAKIND

**Szaferman, Lakind, Blumstein & Blader, P.C.**
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Jeffrey P. Blumstein
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Bruce M. Sattin***
Robert P. Panzer
Benjamin T. Branche*
Robert G. Stevens Jr.**
Michael D. Brottman**

Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Nathan M. Edelstein**
Janine Danks Fox*
E. Elizabeth Sweetser
Keith L. Hovey***
Jeffrey M. Hall

Lindsey Moskowitz Medvin**
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Chimbangu
Brian A. Heyesey
Christopher S. Myles
Christopher S. Kwelty
Brandon C. Simmons*
Jason M. Sokel**

Counsel
Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars

January 31, 2018

**VIA HAND DELIVERY OR**
**CERTIFIED MAIL AND REGULAR MAIL**

JOHNSON & JOHNSON CONSUMER INC.
One Johnson & Johnson Plaza
New Brunswick, NJ 08903

Re:    RIPLEY, et al  v. JOHNSON & JOHNSON CONSUMER INC., a subsidiary of
JOHNSON & JOHNSON, et al.
Docket No. MID-L-0562 -18AS

Dear Sir or Madam:

Enclosed in service upon JOHNSON & JOHNSON CONSUMER INC., a subsidiary of
JOHNSON & JOHNSON please find a Summons, Complaint, Initial Fact Sheet and Interrogatories
Related to Cross Claims, Apportionment and Claimed Exposures in this matter. Please acknowledge
service of this Summons, Complaint, Initial Fact Sheet and Interrogatories Related to Cross Claims,
Apportionment and Claimed Exposures on the attached Acknowledgment of Service Form and return
it to me in the envelope provided for that purpose.

Thank you.

Very truly yours,

SZAFERMAN, LAKIND,
BLUMSTEIN, BLADER, P.C.

Robert E. Lytle, Esq.

REL/gah
Enclosures
c:    Leah Kagan, Esq.

2591430.1

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400
By: Robert E. Lytle (NJ ID# 046331990)

SIMON GREENSTONE PANATIER BARTLETT P.C.
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
(214) 276-7680
By: Leah Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

| | |
|---|---|
| ANN RIPLEY and PHILIP RIPLEY,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER INC., a subsidiary of JOHNSON & JOHNSON, et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-0562-18AS<br><br><u>Civil Action – Asbestos Litigation</u><br><br>**SUMMONS** |

From The State of New Jersey, to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A filing fee of $175.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: January 31, 2018

Michelle M. Smith, Esq.
Clerk of the Superior Court

Name of Defendant to be Served:
Address of the Defendant to be Served:

JOHNSON & JOHNSON CONSUMER INC., a subsidiary of
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, NJ 08903

2591422.1

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 985-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/21/13*

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10153
Rev. 8/13  P2/15

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510  Page 8

RECEIVED & FILED

2018 JAN 26  P 2: 04

MASS TORT CIVIL DIV
MIDDLESEX VICINAGE

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrence Township, NJ 08648
(609) 275-0400
Robert E. Lytle (NJ ID No. 046331990)

SIMON GREENSTONE PANATIER BARTLETT, P.C.
3232 McKinney Avenue, Suite 610
Dallas, TX 75204
(214) 276-7680
By: Leah Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

**ANN RIPLEY** and **PHILIP RIPLEY,**

   Plaintiffs,

       v.

**BRENNTAG NORTH AMERICA, INC.** (sued
individually and as successor-in-interest to
MINERAL PIGMENT SOLUTIONS, INC. and as
successor-in-interest to WHITTAKER CLARK &
DANIELS, INC.);

**BRENNTAG SPECIALTIES, INC.** f/k/a
MINERAL PIGMENT SOLUTIONS, INC. (sued
individually and as successor-in-interest to
WHITTAKER CLARK & DANIELS, INC.);

**CHANEL, INC.;**

**CYPRUS AMAX MINERALS COMPANY**
(sued individually, doing business as, and as
successor to AMERICAN TALC COMPANY,
METROPOLITAN TALC CO. INC. and
CHARLES MATHIEU INC. and SIERRA TALC
COMPANY and UNITED TALC COMPANY);

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-MIDDLESEX COUNTY

DOCKET NO. ___ MID-L- 00562-18 AS

CIVIL ACTION
ASBESTOS LITIGATION

ORIGINAL COMPLAINT AND
DEMAND FOR TRIAL BY JURY

Date Served: 2-6-18

Company Served: _____
JNJ CONSUMER, JNJ

2018002488 (N) MD

Personal Service          MNB

**IMERYS TALC AMERICA, INC.** (sued
individually and as successor-in-interest to
LUZENAC AMERICA, INC. successor-in-
interest to CYPRUS INDUSTRIAL MINERALS
COMPANY and WINDSOR MINERALS, INC.
and METROPOLITAN TALC CO.);

**JOHNSON & JOHNSON**;

**JOHNSON & JOHNSON CONSUMER INC.**, a
subsidiary of JOHNSON & JOHNSON;

**WHITTAKER CLARK & DANIELS, INC.**;

**JOHN DOE CORPORATIONS 1-50**
(fictitious),

　　Defendants.

　　Plaintiffs, by way of Complaint against Defendants, upon information and belief allege as

follows:

## PARTIES – PLAINTIFFS

　　1.　　Plaintiffs, ANN RIPLEY and PHILIP RIPLEY, reside at 123 Longwood, Ormond

Beach, Florida 32176.

　　2.　　Plaintiff ANN RIPLEY was exposed to asbestos through her regular and

frequents personal use of asbestos-containing Chanel No. 5 talcum powder from approximately

1956 to 2017.  Plaintiff ANN RIPLEY was further exposed to asbestos through her regular and

frequent use of Johnson's Baby Powder on her children from approximately 1963 to 1965, and

again from 1968 to 1970.  Plaintiff ANN RIPLEY's regular and frequent use of Chanel No. 5

talcum powder and Johnson's Baby Powder generated asbestos-containing dust and exposed

Plaintiff ANN RIPLEY to respirable asbestos fibers.

As a direct and proximate result of the above exposures, Plaintiff ANN RIPLEY contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

3.     Plaintiffs bring this action on behalf of themselves.

4.     Plaintiffs claim damages as a result of:

  x   loss of consortium (per quod)

  x   loss of services

  x   economic loss

  x   pain and suffering

5.     Reference herein to "Plaintiff" and "Plaintiffs" are references to all the persons set forth above as is syntactically and contextually correct.

## PARTIES - DEFENDANTS

1.     Defendants are corporations organized under the laws of New Jersey and/or various states of the United States of America that were and are doing business in the State of New Jersey.  The aforementioned Defendants mined, milled, designed, manufactured, sold, supplied, purchased, and/or marketed asbestos, and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or raw asbestos fiber of various kinds and grades to which Plaintiff ANN RIPLEY was exposed.

2.     Defendants **BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.), **BRENNTAG SPECIALTIES, INC.** f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to

WHITTAKER CLARK & DANIELS, INC.), **CHANEL, INC., CYPRUS AMAX MINERALS COMPANY** (sued individually, doing business as, and as successor to AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY), **IMERYS TALC AMERICA, INC.** (sued individually and as successor-in-interest to LUZENAC AMERICA, INC. successor-in-interest to CYPRUS INDUSTRIAL MINERALS COMPANY and WINDSOR MINERALS, INC. and METROPOLITAN TALC CO.), **JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER INC.**, a subsidiary of JOHNSON & JOHNSON, and **WHITTAKER CLARK & DANIELS, INC.** were designers, manufacturers, suppliers or distributors of asbestos, and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or raw asbestos fiber of various kinds and grades to which Plaintiff ANN RIPLEY was exposed.

3.    Defendants, **JOHN DOE CORPORATIONS 1-50**, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who mined, milled, manufactured, sold, supplied, purchased, marketed, installed and/or removed asbestos, and/or asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or raw asbestos fiber of various kinds and grades to which Plaintiff ANN RIPLEY was exposed, and/or who are the alter egos of or are otherwise responsible for the conduct or liability of those who have done so.

4.    The term "Defendants" is used hereafter to refer to all the entities named above.

5.      Defendants conduct business in the State of New Jersey, and certain Defendants reside or maintain their principal offices in the State of New Jersey.

## FIRST COUNT

1.      Plaintiffs reiterate the facts and contentions as set forth above and repeat them herein.

2.      Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendants.

3.      Defendants were engaged, directly or indirectly, in the mining, milling, designing, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, or distributing of asbestos, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, asbestos-containing products, and/or raw asbestos fiber of various kinds and grades which Defendants knew or should have foreseen would be used with asbestos-containing products (hereinafter collectively referred to as "Defendants' Products").

4.      Defendants, directly or indirectly, caused Defendants' Products to be sold to or used by Plaintiff ANN RIPLEY in her personal residences.

5.      Plaintiff ANN RIPLEY, through her personal use and use on her children, was exposed to and came in contact with Defendants' Products. Plaintiff ANN RIPLEY inhaled or ingested the asbestos dust and fibers emanating from Defendants' Products.

6.      As a direct and proximate result of Plaintiff ANN RIPLEY's inhalation and ingestion of dust particles and fibers from Defendants' Products, Plaintiff ANN RIPLEY developed permanent and disabling personal injuries.

-5-

7.    During the time that Defendants mined, milled, designed, manufactured, produced, processed, compounded, converted, sold, merchandised, distributed, and supplied Defendants' Products, Defendants knew, or in the exercise of reasonable care should have known, that Defendants' Products were defective, ultrahazardous, dangerous and otherwise highly harmful to Plaintiff ANN RIPLEY.

8.    Defendants knew, or in the exercise of reasonable care should have known, that the use of Defendants' Products would cause asbestos dust and fibers to be released into the air and would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs of users of Defendants' Products and to others breathing that air and coming into contact with that dust.

9.    Plaintiff ANN RIPLEY did not know the nature and extent of the injury that would result from contact with and exposure to Defendants' Products or from the inhalation or ingestion of the asbestos dust and fibers.

10.    Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff ANN RIPLEY would come into contact with and be exposed to Defendants' Products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendants' Products by Plaintiff ANN RIPLEY.

11.    Despite the facts as set forth above, Defendants negligently, recklessly and intentionally:

(a)    mined, milled, designed, manufactured, produced, processed, compounded, converted, sold, supplied, merchandised, distributed or otherwise placed in the stream of commerce Defendants' Products which Defendants knew or in the exercise of reasonable care

-6-

should have known, were defective, dangerous, ultrahazardous and otherwise unreasonably harmful to Plaintiff ANN RIPLEY;

     (b)    failed to take reasonable precautions or exercise reasonable care to warn Plaintiff ANN RIPLEY adequately of the risks, dangers and harm to which she would be exposed by exposure to, contact with, use and handling of Defendants' Products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

     (c)    failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff ANN RIPLEY from being injured, poisoned, disabled, killed or otherwise harmed by using, handling, coming into contact with and being exposed to Defendants' Products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

     (d)    failed to package Defendants' Products in a manner that would assure that Plaintiff ANN RIPLEY would not come into contact with or be exposed to the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

     (e)    failed to advise Plaintiff ANN RIPLEY of the necessity to adopt and enforce a safe, sufficient and proper method and plan of using, handling, coming into contact with and being exposed to Defendants' Products so that she would not inhale or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

     (f)    ignored and/or suppressed medical and scientific information, studies, tests, data and literature which Defendants acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders and

other illnesses and diseases to individuals such as Plaintiff ANN RIPLEY, and other persons similarly situated, who were exposed to Defendants' Products;

(g)     disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

(h)     exposed and continued to expose Plaintiff ANN RIPLEY and other persons similarly situated to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other illnesses, all of which risks Defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(i)     failed to seek substitute materials in lieu of the use of asbestos;

(j)     failed to advise Plaintiff ANN RIPLEY who Defendants knew, or in the exercise of reasonable care should have known, had been exposed to, inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products; to cease further uncontrolled or unprotected exposure to Defendants' Products and the inhalation or ingestion of asbestos dust and fibers and all other kinds of smoke, dusts and fumes; to be examined by competent medical doctors to determine the nature and extent of any and all diseases caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such diseases.

12.     Defendants otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff ANN RIPLEY in the mining, milling, designing, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, distributing, or otherwise placing in the stream of commerce Defendants' Products.

-8-

13.   As a direct and proximate result of the acts and omissions of Defendants, Plaintiff ANN RIPLEY was exposed to and came in contact with Defendants' Products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products.  Plaintiff ANN RIPLEY developed mesothelioma as a direct and proximate result of said exposure to Defendants' Products.  Plaintiff ANN RIPLEY has and continues to endure severe pain and suffering and mental anguish, has been required to expend great sums of money for medical care and treatment related thereto, has been prevented from pursuing her normal activities and employment and has been deprived of her ordinary pursuits and enjoyments of life. Plaintiff ANN RIPLEY has suffered lost wages and earnings and severe pecuniary loss, all to Plaintiffs' ANN RIPLEY's and PHILIP RIPLEY's loss.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## SECOND COUNT

1.   Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.   Defendants expressly or impliedly warranted that Defendants' Products, which they mined, milled, designed, manufactured, produced, compounded, converted, processed, sold, supplied, merchandised, distributed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use and safe for their intended purposes.

3.   Defendants breached said warranties in that Defendants' Products were defective, ultrahazardous, dangerous, unfit for use, not merchantable and not safe for their intended, ordinary and foreseeable use and purpose.

-9-

4.    As a direct and proximate result of Defendants' breach of warranties, Plaintiff ANN RIPLEY was exposed to asbestos and came in contact with Defendants' Products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products.  Plaintiff ANN RIPLEY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

### THIRD COUNT

1.    Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.    Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff ANN RIPLEY the health risks created by the ordinary use of Defendants' Products.

3.    Plaintiff ANN RIPLEY relied upon said representations.  Plaintiff ANN RIPLEY's reliance was foreseeable to Defendants.

4.    As a result of Defendants' conduct, Plaintiff ANN RIPLEY came in contact with Defendants' Products and inhaled or ingested asbestos dust and fibers from Defendants' Products.  Plaintiff ANN RIPLEY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

-10-

## FOURTH COUNT

1.    Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.    Defendants are <u>strictly liable</u> to Plaintiffs by reason of the following:

(a)    Defendants were engaged in the business of being miners, millers, designers, manufacturers, producers, processors, sellers, suppliers, and distributors of Defendants' Products;

(b)    Defendants knew or had reason to know that Plaintiff ANN RIPLEY and other persons similarly situated would be ultimate users or consumers of Defendants' Products or would be exposed to Defendants' Products;

(c)    Defendants sold or otherwise placed Defendants' Products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff ANN RIPLEY and other persons similarly situated;

(d)    Throughout the many years that Plaintiff ANN RIPLEY and other similarly situated persons were exposed to and used Defendants' Products, said products reached the users and consumers without substantial change in the condition in which they were sold;

(e)    The ordinary and foreseeable use of Defendants' Products constituted a dangerous and ultrahazardous activity and created an unreasonable risk of injury to users and bystanders;

(f)    Defendants' Products were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer, were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of Defendants' Products.

-11-

3.    As a consequence of the defective condition of Defendants' Products and their failure to warn, Plaintiff ANN RIPLEY inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of Defendants' Products.  Plaintiff ANN RIPLEY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

### FIFTH COUNT
### (Product Liability Act Claim)

1.    Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.    Defendants are <u>strictly liable</u> to Plaintiffs by reason of the following:

(a)    Defendants were engaged in the business of being miners, millers, designers, manufacturers, producers, processors, sellers, suppliers, and distributors of Defendants' Products;

(b)    Defendants knew or had reason to know that Plaintiff ANN RIPLEY and other persons similarly situated would be ultimate users or consumers of Defendants' Products or would be exposed to Defendants' Products;

(c)    Defendants sold or otherwise placed Defendants' Products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff ANN RIPLEY and other persons similarly situated;

-12-

(d)     Throughout the many years that Plaintiff ANN RIPLEY and other similarly situated persons were exposed to and used Defendants' Products, said products reached the users and consumers without substantial change in the condition in which they were sold;

(e)     The ordinary and foreseeable use of Defendants' Products constituted a dangerous and ultra-hazardous activity and created an unreasonable risk of injury to users and bystanders;

(f)     Defendants' Products were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer, were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of Defendants' Products.

3.     As a consequence of the defective condition of Defendants' Products and their failure to warn, Plaintiff ANN RIPLEY inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of Defendants' Products.  Plaintiff ANN RIPLEY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## SIXTH COUNT

1.     Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

-13-

2.     Defendants acted in concert with each other and with other members of the industry through express agreement, implicit agreement, imitative behavior and conscious parallel behavior:

(i)     to withhold from users of Defendants' Products, and from persons who Defendants knew or should have known would be exposed to Defendants' Products, information regarding the health risks of breathing or ingesting asbestos dust and fibers;

(ii)     to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust; and

(iii)     to assure that Defendants' Products became widely used in industries such as personal hygiene and similar such industries.

3.     Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures and promotion of widespread use of Defendants' Products would expose persons such as Plaintiff ANN RIPLEY to unreasonable risk of bodily injury.

4.     Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the industry and assisted each other and other members of the industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to assure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendants knew would expose Plaintiff ANN RIPLEY to unreasonable risk of bodily injury.

5.     As a direct and proximate consequence of the concerted actions of Defendants and other members of the industry, Plaintiff ANN RIPLEY was exposed to and came in contact with Defendants' Products, and inhaled or ingested asbestos dust and fibers resulting from the

ordinary and foreseeable use of Defendants' Products. Plaintiff ANN RIPLEY was caused to suffer the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgement interest, and costs of suit as provided by law.

## SEVENTH COUNT

1. Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2. The Defendants constitute all known non-remote producers, designers, manufacturers, suppliers, and distributors of the asbestos-containing products which could have caused Plaintiff ANN RIPLEY's injuries.

3. Each of the Defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff ANN RIPLEY, or otherwise engaged in culpable activity against Plaintiff ANN RIPLEY. The acts and omissions of at least one of the Defendants caused Plaintiff ANN RIPLEY to suffer the injuries, losses and expenses alleged in prior counts of this Complaint.

4. Plaintiff ANN RIPLEY in no respect can be blamed should she be unable to establish which of Defendants' Products caused the injuries complained of herein.

5. The burden of proof in this matter thus should shift to Defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff ANN RIPLEY's injuries, and, failing such proof, Defendants should be held jointly, severally, or alternatively liable for Plaintiff ANN RIPLEY's injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## EIGHTH COUNT

1.    Plaintiff PHILIP RIPLEY repeats the prior allegations of this Complaint.

2.    Plaintiff PHILIP RIPLEY is the spouse of Plaintiff ANN RIPLEY.

3.    As consequence of the injuries to his respective spouse, Plaintiff PHILIP RIPLEY has suffered loss of consortium, companionship, services, society and support.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and/or in the alternative for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New Jersey, together with pre- and post-judgment interest thereon, costs of suit and attorney fees.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the Asbestos Manual.  A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues.


## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to the Asbestos Litigation General Order, Section VI.B. which can be found at

http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/generalorder1.pdf, Plaintiffs hereby

demand that the above listed Defendants answer Standard Interrogatories in the form prescribed

by the Court and within the time provided by the above referenced Order.  A copy of the

Standard Interrogatories are contained in the Asbestos Manual and may be obtained from the

Clerk or by visiting the following website:

    http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf


## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert Lytle, Esq. and Leah Kagan, Esq. are hereby designated

as trial counsel in this matter.

## CERTIFICATION

I hereby certify that to my knowledge the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated with the exception of a possible workers' compensation claim.  I have no knowledge at this time of any non-party who should be joined in this action.

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.

By: _____
Robert Lytle
New Jersey Bar No. 046331990
101 Grovers Mill Road, Suite 200
Lawrence Township, NJ 08648
(609) 275-0400


And

SIMON GREENSTONE PANATIER BARTLETT, P.C.

By: _____
Leah Kagan
New Jersey Bar No. 013602009
3232 McKinney Avenue, Suite 610
Dallas, TX 75204
(214) 276-7680


Dated:  January 25, 2018

-18-

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, RECEIVED & FILED
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648                          2018 JAN 26  P 2: 04
(609) 275-0400                                  MASS TORT CIVIL DIV
Robert Lytle (NJ ID No. 046331990)              MIDDLESEX VICINAGE

SIMON GREENSTONE PANATIER BARTLETT, P.C.
3232 McKinney Avenue, Suite 610
Dallas, TX 75204
(214) 276-7680
Leah C. Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

| | |
|---|---|
| ANN RIPLEY and PHILIP RIPLEY,<br><br>              Plaintiffs,<br><br>v.<br><br>BRENNTAG NORTH AMERICA, INC.<br>(sued individually and as<br>successor-in-interest to MINERAL<br>PIGMENT SOLUTIONS, INC. and as<br>successor-in-interest to<br>WHITTAKER CLARK & DANIELS,<br>INC.),et al.,<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-00562-18 AU<br><br>**Civil Action - Asbestos<br>Litigation**<br><br>INITIAL FACT SHEET |

| 1. | Full Name: | Ann Ripley |
|---|---|---|
| 2. | Date of Birth: | May 30, 1938 |
| 3. | Address: | 123 Longwood<br>Ormond Beach, Florida 32176 |
| 4. | Union/Local/Years of<br>Membership: | n/a |
| 5. | Date of first claimed<br>asbestos exposure: | Approximately 1956 |

| | | |
|---|---|---|
| 6. | Date of last claimed asbestos exposure: | Approximately 2017 |
| 7. | Smoking History: | None |

8. State the inclusive dates of smoking history, the products smoked and the amount of product consumed per day:

| | | |
|---|---|---|
| a. | Dates: | n/a |
| b. | Products smoked: | n/a |
| c. | Amount per day: | n/a |

9. Provide as much of the following information as is presently available: work sites, inclusive dates and trade or occupation for each site:

| WORK SITES: | DATES: | TRADE/OCCUPATION |
|---|---|---|
| Personal Residences in: Harrison, Virginia; Culpepper, Virginia; College Park, Maryland; Washington, D.C.; Moreland Lane, Annadale, Virginia; 6630 Rockland Drive, Centreville, Virginia; 1101 Federal Street, Lynchburg, Virginia; 123 Longwood, Ormond Beach, Florida. | Approximately 1956 - 2017 | Personal Talcum Powder Use |
| Personal Residences in Washington, D.C. and Moreland Lane, Annadale, Virginia | Approximately 1963 - 1965 and 1968 - 1970 | Talcum Powder Use on Children |

10. State the claimed asbestos related diseases; include the date of diagnosis and the name of the diagnosing physician or institution (if available attached a copy of the medical report).

| | | |
|---|---|---|
| a. | Disease: | Malignant Pleural Mesothelioma |
| b. | Date of Diagnosis: | October 27, 2017 |

| c.    Doctor/ Institution: | Dr. Andre Morelia/ New York University Langone Medical Center |
|---|---|

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.
Attorneys for Plaintiff

By: _____

Robert Lytle

Dated: January 25, 2018

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1.
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO.: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Robert E. Lytle, Esq., ID No. 046331990 | 609  275-0400 | Middlesex County |

| FIRM NAME (If applicable) | DOCKET NUMBER (when available) | |
| --- | --- | --- |
| Szaferman, Lakind, Blumstein & Blader, P.C. | MID-L | 17AS |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 101 Grovers Mill Road<br>Suite 200<br>Lawrenceville, New Jersey  08648 | Complaint  MID-L-00562-18 /AC |
| | JURY DEMAND ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Ann Ripley and Philip Ripley, Plaintiffs | BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC.) |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>601 | HURRICANE SANDY RELATED?<br>☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE  ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ☒ NO | IF YES, IS THAT RELATIONSHIP<br>☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) _____<br>☐ FAMILIAL  ☐ BUSINESS _____ |
| --- | --- |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

*[stamp: MASS TORT CIVIL DIV MIDDLESEX VICINAGE  2018 JAN 26  P 2:05  RECEIVED & FILED]*

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- | --- |
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:  _____    1-26-18

Powered by

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510    Page 1



**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (briefly describe nature of action) _____ |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Multicounty Litigation (MCL) (Track IV)
| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

**Please check off each applicable category:**    ☐ Putative Class Action        ☐ Title 59

Powered by


Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510        Page 2

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400
By: Robert E. Lytle (NJ ID# 046331990)

SIMON GREENSTONE PANATIER BARTLETT P.C.
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
(214) 276-7680
By: Leah Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

|  |  |
|---|---|
| ANN RIPLEY and PHILIP RIPLEY,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER INC., a subsidiary of JOHNSON & JOHNSON, et al.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-0562-18AS<br><br>**Civil Action – Asbestos Litigation**<br><br>**ACKNOWLEDGMENT** |

TO:

      JOHNSON & JOHNSON CONSUMER INC.,
      a subsidiary of JOHNSON & JOHNSON
      One Johnson & Johnson Plaza
      New Brunswick, NJ 08903

      Service of the annexed Summons, Complaint, Initial Fact Sheet and Interrogatories related to

Cross Claims Apportionment and Claimed Exposures on behalf of Defendant, JOHNSON &

JOHNSON CONSUMER INC., a subsidiary of JOHNSON & JOHNSON, is hereby acknowledged this _

__day of _____, 2018.


_____


Subscribed and sworn to
before me this_____
day of _____, 2018.

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400
By: Robert E. Lytle (NJ ID# 046331990)

SIMON GREENSTONE PANATIER BARTLETT P.C.
3232 McKinney Avenue, Suite 610
Dallas, Texas 75204
(214) 276-7680
By: Leah Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

| | |
|---|---|
| ANN RIPLEY and PHILIP RIPLEY,<br><br>Plaintiffs,<br><br>v.<br><br>BRENNTAG NORTH AMERICA, INC.<br>(sued individually and as successor-in-<br>interest to MINERAL PIGMENT<br>SOLUTIONS, INC. and as successor-in-<br>interest to WHITTAKER, CLARK &<br>DANIELS, INC.), et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-0562-18AS<br><br>CIVIL ACTION<br><br>ASBESTOS LITIGATION<br><br>INTERROGATORIES RELATED<br>TO CROSS CLAIMS, APPORTIONMENT<br>AND CLAIMED EXPOSURES |

TO:    ALL COUNSEL ATTACHED TO LIST

Pursuant to Rule 4:17 of the Rules Governing the Courts of the State of New Jersey,

Plaintiff requests that each Defendant separately answer fully, in writing and under oath, each of

the following interrogatories, and serve such answers on the undersigned within sixty days of the

date of service hereof.

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.
Attorneys for Plaintiff

By: _____
Robert E. Lytle, Esq.

Dated: January *21*, 2018

2591443.1

## INTERROGATORIES

1.    Please set forth all parties to this lawsuit that this Defendant alleges are responsible for the Plaintiff or Plaintiff's decedent's injuries. For each such party set forth:

   a)    The factual basis for this Defendant's allegation that each such other party is responsible for the Plaintiff's injuries.

   b)    All evidence this Defendant relies upon to support its allegation that a party other than this Defendant is responsible for the Plaintiff's injuries. If this Defendant relies upon any documents or deposition testimony to support its allegation that a party other than this Defendant is responsible for the Plaintiff's injuries, please attach hereto copies of such documents or deposition testimony.

   c)    Identify all experts this Defendant relies upon to support its allegation that a party other than this Defendant is responsible for the Plaintiff's injuries. Please supply copies of all expert reports supporting this Defendant's allegation that a party other than this Defendant is responsible for the Plaintiff's injuries.

   d)    Set forth the name and address of each witness that Defendant relies upon to support this Defendant's  allegation that a  party other than this Defendant is responsible for the Plaintiff's injuries and a summary of what each witness is expected to testify to if called as a witness in this case.

   e)    Identify and describe the product sold by each such Defendant that you contend is responsible for the injuries; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

   f)    Set forth whether you contend the type of asbestos in the Defendant's product is capable of causing Plaintiff's or decedent's disease.

   g)    Setforth the percentage of causation that you allege is attributable to such other party and  the factual and evidentiary basis for such percentage;

   h)    Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to such other party's percentage of causation and attach a summary of what each witness and/or expert  is expected to testify to if called as a witness in this case.

i)   If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation attributable to another party, please attach hereto copies of such documents or deposition testimony

2.   Please set forth all parties to this lawsuit that this Defendant asserts a claim against for contribution.

3.   For each party to this lawsuit that this Defendant asserts a contribution claim against, please set forth:

a)   The factual basis for each contribution claim.

b)   All evidence this Defendant relies upon to support its contribution claim. If this Defendant relies upon any documents or deposition testimony to support its contribution claim, please attach hereto copies of such documents or deposition testimony.

c)   Identify all experts this Defendant relies upon to support its contribution claim. Please supply copies of all expert reports supporting this Defendant's claim for contribution.

d)   Set forth the name and address of each witness that Defendant relies upon to support this Defendant's claim for contribution and a summary of what each witness is expected to testify to if called as a witness in this case.

e)   Identify and describe the product sold by each such party that you contend is a contributor to the injuries sustained by Plaintiff or Plaintiff's decedent; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

f)   Set forth whether you contend the type of asbestos in the contribution Defendant's product is capable of causing Plaintiff's or decedent's disease.

g)   Setforth the percentage of causation that you allege is attributable to such contribution Defendant and  the factual and evidentiary basis for such percentage;

2591443.1

h) Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to such contribution Defendant's percentage of causation and attach a summary of what each witness and/or expert  is expected to testify to if called as a witness in this case.

i) If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation of such contribution Defendant, please attach hereto copies of such documents or deposition testimony

4. Please set forth all parties to this lawsuit that this Defendant asserts a claim against for indemnification

5. For each party to this lawsuit that this Defendant asserts an indemnification claim against, please set forth:

a) The factual basis for each indemnification claim.

b) All evidence this Defendant relies upon to support its indemnification claim. If this Defendant relies upon any documents or deposition testimony to support its indemnification claim, please attach hereto copies of such documents or deposition testimony.

c) Identify all experts this Defendant relies upon to support its indemnification claim. Please supply copies of all expert reports supporting this Defendant's claim for indemnification.

d) Set forth the name and address of each witness that Defendant relies upon to support this Defendant's claim for indemnification and a summary of what each witness is expected to testify to if called as a witness in this case.

e) Identify and describe the product sold by each such party that you contend is responsible to indemnify you for damages paid as a result of injuries sustained by the Plaintiff or Plaintiff's decedent; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

f) Set forth whether you contend the type of asbestos in the indemnitor's product is capable of causing Plaintiff's or decedent's disease.

2591443.1

g)   Setforth the percentage of causation that you allege is attributable to the indemnitor and  the factual and evidentiary basis for such percentage;

h)   Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to such indemnitor's percentage of causation and attach a summary of what each witness and/or expert  is expected to testify to if called as a witness in this case.

i)   If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation of such indemnitor, please attach hereto copies of such documents or deposition testimony

6.   Please set forth the name and identity of all non parties that this Defendant alleges are responsible for the Plaintiff's injuries. For each such entity set forth:

a)   The factual basis for this Defendant's claim that each such non party is responsible for the Plaintiff's injuries.

b)   All evidence this Defendant relies upon to support its claim that a non party is responsible for the Plaintiff's injuries. If this Defendant relies upon any documents or deposition testimony to support its claim that a non party is responsible for the Plaintiff's injuries, please attach hereto copies of such documents or deposition testimony.

c)   Identify all experts this Defendant relies upon to support its claim that a non party is responsible for the Plaintiff's injuries. Please supply copies of all expert reports supporting this Defendant's claim that a non party is responsible for the Plaintiff's injuries.

d)   Set forth the name and address of each witness that Defendant relies upon to support this Defendant's  claim that a non party is responsible for the Plaintiff's injuries and a summary of what each witness is expected to testify to if called as a witness in this case.

e)   Identify and describe the product sold by each such nonparty that you contend is responsible for the injuries; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

f)   Set forth whether you contend the type of asbestos in the nonparty's product is capable of causing Plaintiff's or decedent's disease.

g)   Do you contend that exposure to the nonparty's product was the sole cause of Plaintiff's or decedent's disease?  If so, set forth the full basis of that contention and fully describe all evidence which supports that contention.

h)   Set forth the percentage of causation that you allege is attributable to such other nonparty and  the factual and evidentiary basis for such percentage;

i)   Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to nonparty's percentage of causation and attach a summary of what each witness and/or expert  is expected to testify to if called as a witness in this case.

j)   If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation of such nonparty, please attach hereto copies of such documents or deposition testimony

7.   If this Defendant alleges that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6, please set forth:

a)   The factual basis for this Defendant's assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6.

b)   All evidence this Defendant relies upon to support its assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6.  If this Defendant relies upon any documents or deposition testimony to support its assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6, please attach hereto copies of such documents or deposition testimony.

c)   Identify all experts this Defendant relies upon to support its assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6.  Please supply copies of all expert reports supporting this Defendant's assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to

asbestos from a source other than as alleged in the Plaintiff's
Complaint and answer to standard interrogatory I-6.

d)   Set forth the name and address of each witness that Defendant relies
upon to support this Defendant's assertion that Plaintiff or Plaintiff's
decedent was injured as a result of exposure to asbestos from a source
other than as alleged in the Plaintiff's Complaint and answer to
standard interrogatory I-6 and a summary of what each witness is
expected to testify to if called as a witness in this case.

## CERTIFICATION

I certify that:

1.    The copies of the expert reports annexed hereto are exact copies of the entire report or reports rendered by them and that no other reports have been prepared by experts who will be called to testify in this matter, and

2.    The answers that I have given to these Interrogatories are true.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

2591443.1

## DOCKET NO. MID-L-0562-18AS

### COUNSEL MAILING LIST

**LAST UPDATED: 1.30.18**
**ATTORNEY: REL**

Our File: 83668 .1

Robert E. Lytle, Esq.
Szaferman, Lakind, Blumstein & Blader P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
rlytle@szaferman.com
Ph:609-275-0400
Fx:609-275-4511
*Counsel for Plaintiff*

Leah Kagan, Esq.
Simon Greenstone Panatier
Bartlett, PC
3232 McKinney Avenue, Suite 610
Dallas, TX 75204
lkagan@sgpblaw.com
Ph: 214-276-7680
Fx: 214-276-7699
*Co-Counsel for Plaintiffs*

Ronald E. Hurst, Esquire
Albert L. Piccerilli, Esquire
Montgomery McCracken Walker
& Rhoads LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Ph: 856-488-7700
Fx: 215-731-3636
apiccerilli@mmwr.com
rhurst@mmwr.com
mmwr_asbestos@mmwr.com
*Counsel for Brenntag North America, Inc.; and Brenntag Specialties, Inc., f/k/a Mineral Pigment Solutions, Inc., as a successor-in-interest to Whittaker, Clark & Daniels, Inc.*

Aileen McTiernan
Locke Lord, LLP
44 Whippany Road
Suite 280
Morristown, NJ 07960
T: 973-520-2300
F: 973-520-2600
aileen.mctiernan@lockelord.com
njasbestos@lockelord.com
*Counsel for Chanel, Inc.*

Syed K. Rizvi, Esq.
Kurowski Shultz LLC
99 Hudson Street, Suite 528
New York, NY 10013
Tel: 929-378-4800
Fax: 618-277-6334
zrizvi@kslfllc.com
*Counsel for Chanel, Inc.*

John C. McMeekin II, Esq.
Linda Dobbins, Esq.
Rawle & Henderson LLP
Windener Building
One South Penn Square
1339 Chestnut Street, 16th Floor
Philadelphia, PA 19107
Ph: 215-575-4200
Fx: 215-563-2583
ldobbins@rawle.com
jmcmeekin@rawle.com
NJAsbestos@rawle.com
*Counsel for Cyprus Amax Minerals Company; and Imerys Talc America, Inc.*

2590140.1

Jack N. Frost, Esq
Stephen R. Long, Esq.
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932
ph: 973 549 7000
fx: 973 360 9831
*jack.frost@dbr.com*
*asbestos@dbr.com*
**Counsel for Johnson & Johnson and Johnson &
Johnson Consumer Inc., a subsidiary of
Johnson & Johnson**


*Marc Gaffrey, Esq.*
*Jason R. Gosnell, Esq.*
*Hoagland, Longo, Moran, Dunst & Doukas, LLP*
*40 Paterson Street*
*P.O. Box 480*
*New Brunswick, NJ 08903*
*Ph: 732-545-4717*
*Fx: 732-545-4579*
*mgaffrey@hoaglandlongo.com*
*jgosnell@hoaglandlongo.com*
*hoagland-asbestos@hoaglandlongo.com*
**Counsel for Whittaker Clark & Daniels, Inc.**